IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3163-BO

| | |
|---|---|
| SHELLY WASHINGTON,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )　　ORDER<br>) |
| ROY COOPER, et al,<br>　　　　Defendants. | )<br>)<br>) |

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. After the frivolity review was conducted on April 20, 2010 (D.E. # 6), plaintiff was allowed to proceed with his claim of retaliation by defendants for his alleged practice as a jailhouse lawyer. This court held that while an inmate has no constitutionally protected right to act as a jailhouse lawyer, Tighe v. Wall, 100 F.3d 41, 42-43 (5th Cir.1996); Williams v. Nix, 1 F.3d 712, 716 (8th Cir.1993); Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993); Smith v. Maschner, 899 F.2d 267, 940, 950 (10th Cir.1990). But see Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985), a claim of retaliation by prison officials represents a separate and distinct issue. See Higgason v. Farley, 83 F.3d 807, 810 (7th Cir.1996) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access, he has a claim under § 1983."); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) ("To succeed on his retaliation claim,[plaintiff] need not establish an independent constitutional interest in either assignment to a given prison or placement in a single cell, because the crux of his claim is that state officials violated his First Amendment rights by retaliating against him for his protected speech activities.") His claim was allowed to proceed against Lt. Betz and C. Respass.

Now before the court is defendants' motion for judgment on the pleadings. (D.E.# 18). Plaintiff was notified of the motion, but he did not respond. The time in which to do so has run, and the motion is ripe for determination. For the following reasons, the motion is allowed.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion disposes of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

On July 8, 2009, plaintiff alleges he was assisting another inmate with drafting legal work. Thereafter, on August 20, 2009, Defendant Betz allegedly approached him and stated that, "he had received information that Plaintiff had prepared legal documents for another inmate." Subsequently, Defendant Betz allegedly informed plaintiff that Betz had determined that plaintiff had assisted Inmate Juda Ha with a torts claim motion. Plaintiff allegedly was retaliated against and subjected to cruel and unusual punishment when he was found guilty of violating a disciplinary rule, charged a $10.00 disciplinary fee, given 15 days in segregation and 40 hours of extra duty.

The pleadings show that plaintiff was disciplined for a violation of the Department of Corrections' Division of Prisons Inmate Disciplinary Procedures, Chapter B,. 0202 (D-16) and inmate conduct Rules, Chapter B. 0301 (q). (Answer, Ex. A and B) He was, in fact, found guilty of the infraction for assisting another person with litigation or legal matters and received 15 days of disciplinary segregation, loss of 10 days good time credit, 20 hours of extra duty, loss of telephone privileges for 30 days and a $10.00 a day limit draw on his canteen card for one month. (Answer, ¶ 4).

As found in the frivolity order, plaintiff's inability to provide assistance to another inmate on legal matters is not a violation of plaintiff's constitutional rights. Tighe v. Wall, 100 F.3d 41, 42-43 (5th Cir.1996); Williams v. Nix, 1 F.3d 712, 716 (8th Cir.1993); Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993); Smith v. Maschner, 899 F.2d 267, 940, 950 (10th Cir.1990). But see Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) Furthermore, the pleadings show he was disciplined for violations of prison regulations regarding assisting another with legal matters, nothing else. Plaintiff did not respond to the motion, and the record refutes his allegations.

3

Likewise, to establish an Eighth Amendment claim, an inmate must satisfy both an objective component--that the harm inflicted was sufficiently serious--and a subjective component--that the prison official acted with a sufficiently culpable state of mind. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). Plaintiff's assertion that he was disciplined for violating an inmate disciplinary rule does not state an Eighth Amendment claim.

Accordingly, defendants' motion for judgment on the pleadings (D.E. # 17) is GRANTED and the case is DISMISSED.

So ordered, this the 13 day of July 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4